# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Action |
| | ) | No. 21-05003-01-CR-SW-MDH |
| WILLIAM D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Michelle Law, Assistant Federal Public Defender. The United States was represented by Jessica Sarff, Assistant United States Attorney.

An indictment has been returned alleging a violation of the Controlled Substances Act, for which there is a maximum period of imprisonment of ten years or more. There is therefore a rebuttable presumption that there are no conditions which would reasonably assure the defendant's appearance at all proceedings, as required, and the safety of other persons and/or the community. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). Regarding the potential for failure to appear, the Court notes the offense charged, defendant's unknown substance abuse history, unknown family ties, unknown mental

1

health history, and unknown community ties through employment or property ownership. The Court also notes defendant's criminal history which includes, but is not limited to, the following: multiple pending charges; active warrant for failure to appear; probation non-compliance; and, on probation at time of the instant offense.

Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; probation non-compliance; violent behavior history; criminal activity while under supervision; history of weapons use; multiple pending charges with an active warrant for failure to appear; on probation at time of the instant offense; and, pattern of similar criminal activity history. In addition, the Court notes defendant's unknown substance abuse history and unknown mental health history.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the

defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED:   February 11, 2021**

              ***/s/ David P. Rush***
              DAVID P. RUSH
              United States Magistrate Judge