# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-05003-01/02-CR-S-MDH |
| | ) | |
| WILLIAM D. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Counsel for Defendant William D. Johnson (1) has filed a Motion for Continuance of the September 20, 2021 trial setting in this case. (Doc. 46.)

In any case in which a plea of not guilty is entered, the trial shall commence within 70 days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (the "Speedy Trial Act"). However, in computing the time within which trial of any offense must commence, any period of delay resulting from a continuance granted by the court at the request of a defendant or his or her counsel, which serves the ends of justice, shall be excluded from computing the time. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act requires that the court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Counsel for Defendant states that additional time is needed to prepare for trial due to

counsel's recent health issues and symptoms of fatigue and difficulty concentrating. Failure to grant the continuance would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial. Also, Count 1 of the Indictment charges all four defendants jointly with conspiracy. In computing the time within which trial of any offense must commence, the Speedy Trial Act excludes "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no severance has been granted." 18 U.S.C. § 3161(h)(6). No severance has been granted in this case and the undersigned considers the period of delay caused by this continuance to be reasonable. *See United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985). It is therefore **ORDERED** that:

1. the Motion for Continuance is granted;
2. this case is reset for jury trial on the Joint Criminal Jury Trial Docket commencing **January 10, 2022 at 9:00 a.m.**;
3. the August 24, 2021 pretrial conference is canceled; and
4. the additional period of delay caused by this continuance shall be excluded in computing the time within which the trial shall commence under the Speedy Trial Act.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: August 11, 2021